Robertson, Ch. J.
The affidavits on which the order of arrest was made disclose a right of action. The plaintiff’s daughter was a minor, living with her parents, and the plaintiff had not parted with a right to her services at the time of the assault complained of. She has been pregnant several months, and necessarily less capable of profitable labor. (Clark v. Fitch, 2 Wend. 460. Hewit v. Prime, 21 id. 79. Bartley v. Richtmyer, 4 Comst. 38.) In the case of Knight v. Wilcox, (14 N. Y. Rep. 415,) there was no pregnancy or other incapacity to render service caused by the assault, stated or proved.
In this case, the acquaintance of the defendant with the plaintiff’s daughter began in July, 1862, by her going to his shop to purchase groceries for her parents. In September following, he first promised to marry her;. and continued to do so until November, 1863, when he succeeded in accomplishing her ruin by force, in the second story of a house into which he lured her by representing that a friend of his sister’s lived there. After that time the illicit intercourse between them continued Until her pregnancy was discovered. The ordinary intercourse between these parties took place in the evenings, during all the time of their acquaintance, and was clandestine, without the knowledge of the plaintiff and his wife. The plaintiff’s daughter is now seventeen. These facts appear in the plaintiff’s affidavits, but it does not appear therefrom when the pregnancy commenced.
Such a case undoubtedly calls for highly punitive damages against the defendant, unless mitigated by some circumstances not now apparent. Some matters do appear, however, requiring explanation, in order to justify holding him to bail in an-.extravagantly large amount. He promised his victim (if such) to marry her in a short time after their first acquaintance, and he continued to do so for upwards of fourteen months.. Their meetings were clandestine and at night, although she was quite *680 young, without any apparent inquiry on her parents’ part, or any reason assigned why he did not pay his addresses to her, at their house ; or why she was satisfied to meet him- elsewhere. Although he had never before taken any liberties with her, he gratified his desires by force, in a place where she was induced to go, not to see á relative or friend of his, but a friend of a sister. After that outrage, instead of any complaint, she continued, from time to time, to yield to his desires, and said nothing of her condition until it was discovered. The defendant may have taken advantage of his experience and her inexperience to delude her; but some consideration is due to the readiness with which she first listened to a promise to marry and then'to its constant repetition for a year, without disclosing it to her parents, continuing all the time to meet her promissor secretly; and absent herself from home at night, apparently without excuse .or inquiry, and, after a gross outrage had been committed on her by force, continuing the improper connection voluntarily, • and concealing it and her pregnancy. Making every allowance for the effect of the influence of protestations off affection, attentions and promises to marry,-in inducing a woman to yield, I- do not feel entirely satisfied, in this case, that the -person debauched .was so entirely pure and misled solely by her affections and the. defendant’s acts, -as to have been a- -wholly.-innocent and reluctant victim; nor that the plaintiff was entirely blameless in refraining from exercising a proper supervision over his'daughter’s conduct. ■ I cannot, therefore, consider it as such an extreme case of reckless, unfeeling and inexcusable libertinism as to merit unbounded punishment. Still, the defendant deserves no light punishment. In violation of morality, he has destroyed the plaintiff’s child’s prospects and blasted her character .for a selfish gratification,- and done so under, a promise of marriage, after secret attentions, concealed from her family, by which he -secured her affections. Although they, on her promise to marry, may have been too easily -won, this did-not entitle him- to take advantage of that facility to ruin her. He had no right to remove any of the *681 guards of her virtue and create intimacy and confidence by his promises to marry, if he did not intend to fulfill them.
As he is now held to bail in an .action for a breach of the promise to marry, for two thousand five hundred dollars, the order in this action must be reduced to two thousand dollars, which will probably equally secure his attendance on the final result of the action. And this may be, without prejudice to a motion on the part of the defendant to reduce it still farther, on affidavits on his part.